UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 99-275(1) (DWF/AJB) |
| Plaintiff, | |
| v. | **ORDER AND MEMORANDUM** |
| Gregory Hill, | |
| Defendant. | |

Tricia A. Tingle, Assistant United States Attorney, United States Attorney's Office, counsel for Plaintiff.

Gregory Hill, *Pro Se*, Defendant.

Douglas Olson, Assistant Federal Defender, Federal Defender's Office, counsel for Defendant Gregory Hill.

Defendant Gregory Hill has moved for a sentencing reduction pursuant to the revised and retroactive amendments to the United States Sentencing Guidelines applicable to crack cocaine cases pursuant to 18 U.S.C. § 3582(c). The United States opposes Defendant's motion.

Based upon the presentations of the parties, including the submissions of the United States and the submissions of the Defendant, the Court having reviewed the contents of the file, including the sentencing proceeding in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

# ORDER

1.   Defendant Gregory Hill's motion for a reduction of his sentence pursuant to the revised and retroactive amendments to the United States Sentencing Guidelines is respectfully **DENIED**.

Dated:  February 18, 2009         s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  Judge of United States District Court

# MEMORANDUM

On February 25, 2000, the Court sentenced the Defendant to a sentence of 210 months.  The Court first concluded that the Defendant was a career offender, pursuant to United States Sentencing Guidelines § 4B1.1 (2007).  However, the Court further concluded that the seriousness of Defendant's criminal history was overstated by his career offender status and the Court consequently departed below the applicable guidelines range and imposed a sentence of 210 months pursuant to § 4A1.3.

Despite the good faith and creative arguments of defense counsel, the career offender finding of the Court determined Defendant's base offense level and criminal history category.  The amendments to the United States Sentencing Guidelines did not change Defendant's guideline range and currently those amendments do not provide a basis for a sentence reduction.  *See United States v. Thompson,* Case No. 03-cr-47 (JNE) (D. Minn. Order dated Oct. 27, 2008).  On November 18, 2008, the Eighth Circuit summarily affirmed the judgment of the District Court  in *United States v. Thompson* in

accordance with Eighth Circuit Rule 47A(a), citing *United States v. Tingle*, 524 F.3d 839 (8th Cir. 2008).

Amendment 706 to U.S.S.G. § 2D1.1 changed the offense level under U.S.S.G. § 2D1.1(c) for cocaine base convictions. Although Defendant's offense level has been affected by this amendment, his sentencing range as a career offender has not been. The sentencing range remains the same, namely 262-327 months. The Eighth Circuit has held that when a defendant is sentenced as a career offender, his sentencing range is determined by U.S.S.G. § 4B1.1, not by U.S.S.G. § 2D1.1. *United States v. Thomas*, 524 F.3d 889 (8th Cir. 2008). Consequently, the Defendant has not met the eligibility requirements for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2).

To the extent that the Defendant has moved the Court for an application of *United States v. Booker*, 543 U.S. 220 (2005), which of course determined that the Sentencing Guidelines were advisory when a sentence is first imposed, the Court has denied Defendant's request. *Booker* does not apply to 18 U.S.C. § 3582(c)(2) proceedings because they are not resentencing proceedings. *Never Misses a Shot v. United States*, 413 F.3d 781 (8th Cir. 2005).

Finally, the Defendant has argued that his situation is factually and legally different from most cases cited by the United States because, unlike most defendants who receive sentences within the sentencing range, he received a sentence below the range as a result of a departure by the Court. However, it is the Court's decision as to Defendant's career offender status that is determinative. That decision is not affected by the departure

that the Court made, not unlike the district court's decision in *United States v. Thompson*, which was summarily affirmed by the Eighth Circuit on November 18, 2008. *United States v. Thompson, supra*. Defendant received a reduced sentence from this Court of 210 months. Utilizing the applicable guidelines factors as set forth in 18 U.S.C. § 3553(a), the Court continues to find a sentence of 210 months to be fair and reasonable. The Court, therefore, respectfully declines to reduce the 210-month sentence previously imposed.

For the reasons stated, the Court denies Defendant's motion for a reduction of his sentence. However, the Court sincerely commends the Defendant for the efforts he has made while in the custody of the Bureau of Prisons as it relates to the education courses he has completed including, but not limited to, the Victim Impact Program, The Kids at Risk Program, "Ethics in Business and in Life," Beginner Classic Cinema, Guitar class, and, perhaps as important as any, completing Tutor Orientation, Tutor Training, and having received a certificate for his dedication and commitment in helping others fulfill their educational goals as a tutor for the Education Department at F.C.I. Fort Dix. The Court is quite certain that Defendant will be upset with the Court's decision, however, the Court sincerely wishes the Defendant the best of luck as he completes his time and wishes him the best of luck with his transition back into the community. With the efforts the Defendant has made, it is more likely than not that he will lead a meaningful and productive life in society.

D.W.F.